JOHN STEINMETZ *vs.* ST. PAUL TRUST CO. *et al.*

Decided July 12, 1892.

Timely Service of Process on the Owner Necessary in Lien Fore-
closure Suit.

An action to enforce a mechanic's lien is properly dismissed for want
of prosecution on the application of the defendants other than the owner
where the action is not commenced, as against the owner, within a year
from the time the lien accrued, either by his appearance or by service of
the summons on him, or by delivery thereof for service within that time,
followed by service thereof, or by the first publication thereof, within
sixty days.

Appeal by plaintiff, John Steinmetz, and by certain lien claim-
ants, from a judgment of the District Court of Ramsey County, *Otis*,
J., entered March 14, 1892, dismissing the action for want of prosecu-
tion.

The plaintiff built the foundation for a frame dwelling house for
Oscar Carlson upon a lot in St. Paul, for which Carlson agreed to
pay him $150. He commenced the work November 1, 1889, and fin-
ished it April 6, 1890, and on June 2, 1890, filed his sworn state-
ment for a lien. Carlson mortgaged the property on April 26, 1890,
to the St. Paul Trust Company for $2,300, and the mortgage was re-
corded April 28, 1890. Charles Johnson a contractor, made an agree-
ment with Carlson in March, 1890, to furnish materials for and build
the superstructure of the house. Johnson purchased materials for the
house from time to time in the spring and summer of 1890, of Brandt
Bros., Andrew Kohler and others. These material men all filed liens
within ninety days aft r completing the delivery of their materials
respectively. Plaintiff commenced this action on April 3, 1891, to
foreclose his lien and made Carlson and the mortgagee and Johnson
and all the lien claimants defendants in the action; but he failed to
make service of the summons on the owner, Oscar Carlson. The
other defendants appeared and answered, setting forth their several
liens, and asking to be paid out of the proceeds of the sale. On March
3, 1892, the St. Paul Trust Company moved to dismiss the action on

the ground that Carlson had not appeared or been served with the summons. The motion was granted, the court saying:

"These actions must be commenced within one year from the time of furnishing the last item. The recorded lien statement keeps the lien in force only until the expiration of the year. The commencement of the action within the year continues it in force thereafter. It is necessary then, that as to every one against whom the lien is to be asserted, the action must be commenced within a year, and especially is this true with respect to the owner of the premises; for without him as a party the action is without effect upon the premises."

Judgment of dismissal was entered, and the plaintiff, and the defendants who were lien claimants, appealed to this court.

*W. W. Dunn* and *M. F. Propping*, for appellants.

The complaint was filed April 3, 1891, and on the same day the summons was issued and placed in the hands of the sheriff for service. On January 23, 1892, the sheriff made his return that he could not find the defendant Oscar Carlson, but had served the others. His returns were filed by the plaintiff February 1, 1892, and the action was noticed for trial by defendant Trust Company; and at the trial of the case, before the introduction of any evidence, the defendant Trust Company moved the court to dismiss the action for want of prosecution, which motion was granted upon the grounds that the plaintiff did not get personal service on the owner of the land or commence the publication of the summons within sixty days from the attempt to commence the action. The only question involved in this appeal is, whether or not the action was commenced. The appellants contend that the action was commenced and pending as to all parties named or interested in the premises when the complaint was filed with the clerk of court, the *lis pendens* filed with the register of deeds and the summons issued and placed in the hands of the sheriff; that 1878 G. S. ch. 66, § 14, is so modified by Laws 1889, ch. 200, § 10, that in effect it has no bearing upon actions of this class. The clause requiring the court to bring in all interested parties so modifies it.

*Harvey Officer* and *C. E. Hamilton,* for respondent.

A suit or petition for the enforcement of a mechanic's lien cannot be maintained without joining as a party the legal owner of the building or structure upon which the lien is sought to be enforced. *Woodward* v. *McLaren,* 100 Ind. 586; *Peabody* v. *Eastern Methodist Soc.,* 5 Allen, 540; *Lampson* v. *Bowen,* 41 Wis. 484.

The owner was not served or the statutes for service observed till the year had expired; nor has the owner appeared in the action. The other defendants had an independent remedy under the statute in case plaintiff neglected to observe its provisions. As no action had been commenced against the owner, the other lien claimants could and should have brought their own action within the time allowed by statute, for the protection of their lien claims, and having failed to do so, they cannot be held to occupy any better position than the plaintiff, Steinmetz.

When a new party defendant is brought into a suit to enforce a mechanic's lien by amendment of the complaint, the suit as to him, is brought only from the time he is made a party. *Crowl* v. *Nagle,* 86 Ill. 437; *Bennitt* v. *Wilmington Star Min. Co.,* 119 Ill. 9.

GILFILLAN, C. J.     Action to enforce a mechanic's lien against real estate, the owner and others being named as defendants in the summons and complaint. The lien accrued April 6, 1890. The complaint was filed April 3, 1891. The summons was at the same time placed in the hands of the sheriff for service, and was served on some of the defendants, but never served on the owner, and no further attempt was made to serve on him. On motion of the respondent, one of the defendants, the action was dismissed for want of prosecution, March 3, 1892. Of course, no judgment to enforce a lien against the land could be rendered unless the owner is made a party by being brought into the action. There could be no sale of the land without a judgment against him. The lien law (Laws 1889, ch. 200, § 8) makes the filing of the statement operate to continue the lien for one year after the date of furnishing the last item, and section 10 requires the action to enforce it to be commenced within one year from that date. When an action is to be deemed com-

menced must be determined by the provisions of G. S. 1878, ch. 66, §§ 13, 14, according to which an action is commenced against a defendant when the summons is served on him, or delivered to the sheriff with intent that it shall be actually served, and followed by the first publication of the summons, or the service, within sixty days.

The power given the court by section 10 to bring in other parties, and the inhibition in the same section against bringing other actions to foreclose such liens, take effect only when an action has been commenced in which the liens can be enforced; that is, an action to which the owner is a party by the service of the summons. Until there is such an action commenced there is no action into which other parties may be brought, and until then there is no reason why any other lien claimant may not commence his action. A mere attempt by one lien claimant to commence such an action will not prevent another from bringing his.

Judgment affirmed.

(Opinion published 52 N. W. Rep. 915.)