# MORRISON COUNTY LUMBER COMPANY v. P. O. DUCLOS AND OTHERS.[1]

July 13, 1917.

Nos. 20,457—(237).

**Mechanic's lien — apportionment of mortgage debt on parcels with liens.**

    1. Where a mortgage exists on a tract of land and thereafter mechanics' liens attach to a part thereof the court may not, in an action to foreclose the latter, apportion the mortgage debt so as to fix only a certain amount thereof upon the part charged with the mechanics' liens.

**Same — selection of tract by court.**

    2. Two of the mechanic's lien statements here involved stated that the materials were furnished for the construction of a brick manufacturing plant, of a named owner, upon a certain 100-acre tract. In selecting the 40 acres, to which the lien must be confined, the court included 20 acres not described in the said lien statements but which belonged to the owner of the plant and were used and adapted for the manufacture of brick. The error in the description in the lien statement did not preclude the selection made.

**Same — loss of priority over subsequent mortgagee.**

    3. A lien claimant who does not, within one year after furnishing the last item of the labor or material, make a subsequent mortgagee a party to an action wherein the lien is foreclosed, or asserted, loses his priority, and the lien is gone as to such mortgagee.

    Two actions in the district court for Morrison county to foreclose mechanics' liens. The cases were tried together before Roeser, J., who made findings as stated in the opinion and ordered judgment in favor of five mechanic lien claimants for specified amounts, a sale of the premises subject to the claim of the bank for the payment of such five claimants ratably. The motion of the First National Bank for amended findings of fact and amended conclusions of law or for a new trial was denied.

[1]Reported in 163 N. W. 734.

From the judgment entered pursuant to the order for judgment, the bank appealed. Reversed.

*D. M. Cameron* and *Washburn, Bailey & Mitchell,* for appellant.

*A. H. Vernon, N. N. Bergheim, E. P. Adams, C. Rosenmeier* and *F. W. Lyon,* for respondents.

HOLT, J.

There is no substantial conflict of testimony in this litigation. The salient facts are these: Odilon Duclos was the owner of the land herein referred to in 1908, and gave a contract to convey to P. O. Duclos and another. This contract was afterwards modified and finally terminated. It is now conceded that the questions for determination are unaffected by what was done while the contract was in force. In the consideration of the case in this court, Odilon Duclos will be taken as the owner of the land who contracted with the materialmen for the improvements thereon and who gave the mortgages involved.

In 1911 Duclos gave to the First National Bank of Little Falls, hereinafter referred to as the bank or appellant, a mortgage upon the north half of the northwest quarter and the west half of the southwest quarter of the northwest quarter of section 24, and the north 30 acres of the southeast quarter of the northeast quarter and the east 20 acres of the northeast quarter of the northwest quarter of section 23, all in township 129, range 30, Morrison county, this state. The debt secured was $7,000. The mortgage was duly recorded. There was a brick yard on the land, but extensive improvements were made. Such improvements began to be constructed in 1913, and long prior to June of that year. The Morrison County Lumber Company, hereinafter called the lumber company and a respondent, Little Falls Iron Works and W. H. Ryan, all furnished material for these improvements for which mechanics' liens attached prior to June, 1913. They each, within 90 days after furnishing the last item of the material contracted for by the owner, and subsequent to June, 1913, duly made and filed lien statements in proper form. In the lien statements of the lumber company and Ryan, the property, for the improvement of which the materials were furnished and the lien claimed, was described as the north half of the northwest quarter and the west half of the southwest quarter of the northwest quarter of section

24, township 129, range 30. No land in section 23 was specified or referred to. In the lien statement of the Little Falls Iron Works there was included the north 30 acres of the southeast quarter of the northeast quarter in section 23. On June 11, 1913, appellant, the bank, advanced or loaned Duclos an additional sum of $3,000 and took a new mortgage to secure the same in the sum of $10,000 upon the same land described in the old, and, in ignorance of the lien claims, satisfied the old mortgage. Within the year from furnishing the last item of material the lumber company began an action to foreclose its lien, but did not make the bank a party. Thereafter Ryan commenced a like action to foreclose his lien wherein the bank, the lumber company, and Little Falls Iron Works were made parties. But this action was instituted more than a year after the lumber company had furnished the last item of its material, and no answer was made therein by the lumber company. The bank, however, answered and alleged that its $7,000 mortgage had been satisfied of record by mistake and in ignorance of the existence of lien claims, and asked that it be reinstated of record and be held prior and superior to the liens, if any should be established. On motion the two actions were consolidated.

The court held each of the said three claimants entitled to co-ordinate liens upon the south 15 acres of the west half of the southwest quarter of the northwest quarter and the north 5 acres of the west half of the southwest quarter of the northwest quarter of section 24 and the north 20 acres of the southeast quarter of the northeast quarter of section 23, subject to the bank's mortgage to the extent of $2,100. The bank appeals from the judgment entered pursuant to the decision.

The assignments of error challenge the action of the court (a) in apportioning and setting off $2,100 of the reinstated $7,000 mortgage upon the 40 acres upon which the mechanics' liens were declared to have attached; (b) in selecting the 40 acres so as to include land not described in the lien statements of the lumber company and Ryan; and (c) in holding the lumber company's lien superior to the bank's $10,000 mortgage.

The court found that, on June 11, 1913, the $7,000 mortgage being unpaid, and Duclos desiring an additional loan, the bank did loan him $3,000 more. He then gave the bank a note for $10,000 and a mort-

gage on the same land in the same amount and also gave certain collateral security. The mortgage was recorded June 12, 1913. The court also found "that thereafter the bank, in ignorance of the existence of the liens aforesaid and through inadvertence and excusable neglect, released its said seven thousand dollar mortgage." And further "that all the parties to these actions except the Morrison County Lumber Company have agreed in open court that the said * * * mortgage should be reinstated and satisfaction thereof canceled." For reasons to be hereinafter stated the lumber company is not affected by the cancelation of the satisfaction, for the $10,000 mortgage is superior to its interests. After this reinstatement of the prior mortgage, given and recorded almost two years previous to the time Ryan and the Little Falls Iron Works began to furnish materials, the rights of the bank thereunder became precisely as they were before the satisfaction was executed, that is, superior to the mechanics' liens of the two parties named. This superiority extended to every part of the mortgaged land. The mortgagee had a right to resort to the whole thereof for the satisfaction of his debt, and could not be forced to accept payment in part and release certain portions of the land or have fragments of the debt apportioned to different parts thereof. The judgment should have directed the sale of the land, upon which mechanics' liens were decreed, to be made subject to the reinstated mortgage. The bank did not ask to have its mortgage foreclosed, and in the foreclosure of these subsequent and inferior mechanics' liens we know of no practice which permits the court to apportion a part of the mortgage debt upon the land covered by the mechanics' liens. The trial court recognized the impropriety of marshalling of the bank's collateral securities in these proceedings.

The proposition is advanced by appellant that the court was without authority to carve out 40 acres of Duclos' land, upon which liens were allowed, so as to embrace land not described in the lien statements or in the pleading asserting the liens. Since the materials furnished were for the construction or improvement of a brick yard, it was proper to consider what part of the land of Duclos, adjacent to the structures of the plant, was contemplated to be used in the manufacture of brick and adapted for that purpose, such as clay beds and sand beds. Had the lien statements embraced the whole of Duclos' property, clearly it would

have been proper to have selected the 40 acres as was here done. The liens specified the materials to have been furnished for the construction of the brick manufacturing plant. And we are of opinion that, with the other descriptions given, it was sufficient to impress a lien upon so much of the land designed and adapted for brick making, not exceeding 40 acres, as the court, upon proper proof, might determine. Errors of description in lien statements are not fatal if the property improved and subject to the lien may be identified. Tulloch v. Rogers, 52 Minn. 114, 53 N. W. 1063; Evans v. Sanford, 65 Minn. 271, 68 N. W. 21; Atlas Lumber Co. v. Dupuis, 125 Minn. 45, 145 N. W. 620. Here the owner does not object to the selection, and the subsequent mortgagee was not misled by the error in the description for no lien statement was filed when the $10,000 mortgage was taken.

There appears to be no basis upon which to sustain the lien of the lumber company as against the bank. The bank was not a party to the action brought by the lumber company to foreclose its lien. Ryan made both the bank and the lumber company parties, but, when his action was commenced and the bank was served, the time had elapsed within which the lumber company's lien could be asserted. As to the bank it had then no existence. Nor did the lumber company attempt to assert its lien against the bank in the Ryan action. It filed no answer therein. In this situation the mortgages of the bank must be held unaffected by the lumber company's lien, for the statute, G. S. 1913, § 7030, provides: "But no lien shall be enforced in any case unless the holder thereof shall assert the same, either by complaint or answer, within one year after the date of the last item of his claim as set forth in the recorded lien statement; nor shall any person be bound by the judgment * * * unless he is made a party thereto within said year." Steinmetz v. St. Paul Trust Co. 50 Minn. 445, 52 N. W. 915; Smith v. Hurd, 50 Minn. 503, 52 N. W. 922, 36 Am. St. 661; Hokanson v. Gunderson, 54 Minn. 499, 56 N. W. 172, 40 Am. St. 354; Falconer v. Cochran, 68 Minn. 405, 71 N. W. 386, are decisive of this question.

The respondents assert that since the bank asked for equitable relief herein the court could impose terms. We are not impressed by this argument. Respondents Ryan and Little Falls Iron Works expressly con-

sented to the cancelation of the satisfaction of the $7,000 mortgage. And as to the bank it was beyond the power of the court to revive a lien which the statute declares dead.

It is urged by respondents that this is a case for marshalling of assets and protecting them by subrogation. It is sufficient to say that the court below was of the opinion that this was not a case for marshalling of assets, and the proposition of subrogation was not suggested below and hence, of course, the judgment makes no provision for either. In that situation the questions are not properly before us.

The judgment is reversed and the cause remanded for a new trial or for such amendments of the findings and order for judgment as the court below may deem advisable.