# THOMPSON YARDS, INCORPORATED v. STANDARD HOME BUILDING COMPANY AND OTHERS.[1]

December 5, 1924.

No. 24,214.

**Service of summons in mechanic's lien fatally defective.**
    1.  The attempted service of the summons in a mechanic's lien action is fatally defective when the copy delivered to the defendant places the venue of the action in the wrong county, recites that the complaint is on file with the clerk of the district court of that county, requires the answer to be filed there, and also misdescribes the real estate as being situated there.

**Limitation of such action.**
    2.  Section 7030, G. S. 1913, limits the life of a mechanic's lien to one year, and no person can be bound by the judgment in an action to foreclose the lien, unless he is made a party thereto by service of the summons upon him within the year.

Action in the district court for Ramsey county to foreclose a mechanic's lien for $4,370.66. From an order, Sanborn, J., setting aside and vacating the service of summons upon W. C. J. Hermann, striking his name from the files and dismissing the action as to him, plaintiff appealed. Affirmed.
    *Granrud, Lauber & Nelson* and *J. J. Truax*, for appellant.
    *Gustavus Loevinger*, for respondent.

STONE, J.

This action to foreclose a mechanic's lien comes here on the appeal of plaintiff from an order granting the motion of defendant W. C. J. Hermann, a mortgagee of the premises in question, to set aside two attempted services of the summons upon him, to strike his name from the files and to dismiss the action as to him. The propriety of the order depends entirely upon whether the summons was served upon respondent within the time required by statute.

[1]Reported in 201 N. W. 300.

The chronology of the case, so far as now material, is as follows: Last item of material furnished by plaintiff, January 12, 1923; complaint filed with the clerk and notice of lis pendens with the register of deeds of Ramsey county, where the property is situated, the summons delivered to the sheriff of Hennepin county for service on respondent and attempted service made on him, December 4, 1923; finally a second service on defendant on February 4, 1924.

The original summons, placed in the hands of the sheriff of Hennepin county on December 4, 1923, was without defect, but the attempted service on respondent was fatally defective in that the supposed copy prepared for and delivered to him erroneously put the venue of the action in Hennepin county, stated that the complaint had been filed with the clerk of the district court of that county, required the respondent to file his answer there, and stated that the involved premises were situated there. It goes without saying that under a statute such as ours (section 7732, G. S. 1913), requiring personal service to be made by delivery to defendant of a copy of the summons, the attempted service of December 4, 1923, on respondent, was no service at all. The document he got then was so far from being a copy of the summons that no discussion is required.

The defective nature of the supposed copy furnished respondent was overlooked by the sheriff of Hennepin county and he made return of due and personal service on respondent, and the original summons was filed with the clerk of the district court of Ramsey county. Thereafter it was withdrawn for the purpose of attempting another service on respondent and other defendants. On February 4, 1924, respondent was served with a true copy of the summons and this service would have been good if it had been within the time required by the statute. Section 7030, G. S. 1913.

By the attempted service of February 4, 1924, plaintiff sought to bring itself within section 7707, G. S. 1913, the delivery of the original summons to the sheriff of Hennepin county on December 4, 1923, being resorted to in aid of the supposed application of that section, which provides, so far as now material as follows:

"For the purposes of this subdivision, an action shall be considered as begun against each defendant when the summons is served on him * * * or is delivered to the proper officer for such service; but, as against any defendant not served within the period of limitation, such delivery shall be ineffectual, unless within sixty days thereafter the summons be actually served on him or the first publication thereof be made."

The service of February 4, 1924, was 62 days after the delivery of the summons to the sheriff of Hennepin county, but appellant resorts to a stay of proceedings, ordered below, to excuse enough of the delay to bring it within the 60-day period allowed by section 7707. The trouble with the argument for appellant is that section 7707 does not apply to actions to enforce mechanics' liens. It is true that in McCormick v. Robinson, 139 Minn. 483, 167 N. W. 271, following Bond v. P. R. Co. 124 Minn. 195, 144 N. W. 942, section 7707 was given a broad application to all ordinary civil actions pursuant to which they are "deemed as begun for all purposes when the summons is delivered to the proper officer for service, if such service be completed within the time prescribed by law."

But whatever else may be said of it, section 7707 cannot be considered as in any way affecting, or in any case prolonging, the time limited by the statute creating them for the duration of the liens of mechanics and material men. Actions to enforce them are not within the purview of section 7707 or the chapter of which it is a part, but are governed by another statute now to be considered.

The liens of mechanics and material men are created and their enforcement provided for by chapter 69 (sections 7020-7035 inclusive), G. S. 1913. Section 7030 is the one here controlling and it contains this provision:

"but no lien shall be enforced in any case unless the holder thereof shall assert the same, either by complaint or answer, within one year after the date of the last item of his claim as set forth in the recorded lien statement; nor shall any person be bound by the judgment in such action unless he is made a party thereto within said year."

The forerunner of this statute (section 7, c. 90, G. S. 1878), was apparently overlooked by the dictum of Mr. Chief Justice Gilfillan in Steinmetz v. St. Paul Trust Co. 50 Minn. 445, 52 N. W. 915, a mechanic's lien case, to the effect that "when an action is to be deemed commenced must be determined by the provisions" of sections 13 and 14, c. 66, G. S. 1878, which, with some changes, have become section 7707, G. S. 1913. But the same oversight is noticeably absent from an opinion by the same distinguished author filed in the same kind of an action, argued the next day and decided three days after the decision of the Steinmetz case. We refer to Smith v. Hurd, 50 Minn. 503, 52 N. W. 922, 36 Am. St. 661, wherein it was said that:·

"As to each defendant in an action, the action is commenced and is pending only from the time of the service of the summons on him, or of his appearance without service * * *. This is a rule applicable to every action, and applies as well to actions to enforce mechanics' liens as to any others."

The court went on to state that section 7, c. 90, G. S. 1878, now changed into section 7030, was "not an ordinary statute of limitations limiting the time for commencing an action, but it put a limit to the life and duration of the lien, and it contains no exception to its operation, either because of nonresidence or for any other reason." That obviously proper ruling has been adhered to ever since. H. L. Spencer Co. v. Koell, 91 Minn. 226, 97 N. W. 974. In Bauman v. Metzger, 145 Minn. 133, 176 N. W. 497, Judge Taylor reviews the history of the statute and makes clear the conclusion that, from early times, the intention has been to terminate the lien "at the end of the year, except that an action to enforce it, begun within the year," may "be prosecuted to a final judgment thereafter." But that last clause was and is subject to the clear, emphatic and concluding provision of section 7030 that "no person shall be bound by the judgment in such action unless he is made a party thereto within said year." Obviously, for present if not for all purposes, one is not a party to an action until he is in a position to be bound by the judgment therein. That does not come about until the

court acquires jurisdiction of his person by the service on him of the summons or by his voluntary appearance. It is not accomplished merely by filing a complaint or lodging with the sheriff for service a summons wherein he is named as defendant. Such a proceeding may commence an action, but it is the acquiring of jurisdiction over his person that makes a named defendant a party thereto.

It is for that reason that the filing by one lien claimant of a complaint naming another lienor as defendant and placing a summons with a sheriff for service on the latter, is of no aid to his lien. Unless within the year's life of his own lien, such a defendant files an answer asking for its enforcement, he has lost his lien. The commencement of an action by another, without his becoming in fact a party thereto, while his own lien is alive, is of no avail to a defendant lienor. Burns v. Phinney, 53 Minn. 431, 55 N. W. 540; Bauman v. Metzger, supra.

By reason of the fact that, when finally an otherwise unobjectionable service was made upon respondent, plaintiff's lien had expired because of the expiration of its statutory life of one year, the order appealed from is right and must be affirmed.

It is so ordered.