**LYMAN LUMBER COMPANY, Plaintiff,**

v.

**DIOR DEVELOPMENT, INC., et al., Defendants.**

**and**

**GEO. SEDGWICK HEATING & AIR CONDITIONING CO., Third-Party Plaintiff, Appellant,**

v.

**BUILDING MATERIAL WHOLESALERS, INC., et al., Third-Party Defendants, Respondents.**

Nos. C8–86–2138, CX–86–2139, C6–86–2140 and C8–86–2141.

Court of Appeals of Minnesota.

July 14, 1987.

Review Denied Sept. 30, 1987.

Curtis D. Smith, Moss & Barnett, Minneapolis, for appellant.

Gerald G. Workinger, Jr., Brenner, Workinger & Thompson, Minneapolis, for respondents.

Heard, considered and decided by RANDALL, P.J., and WOZNIAK and NIERENGARTEN, JJ.

## OPINION

WOZNIAK, Judge.

Appellant Sedgwick Heating and Air Conditioning, a mechanic's lien claimant, appeals from the trial court's judgment dismissing its third-party complaint, which attempted to implead the mortgagee and its assignee into the action to litigate priority. We affirm.

## FACTS

This appeal consolidates four mechanic's lien actions, each relating to separate parcels of property, in which Sedgwick is a mechanic's lien claimant and respondents Building Material Wholesalers and its subsidiary (BMW) are mortgagees. BMW is now the owner of the parcels through mortgage foreclosure.

Lyman Lumber Company, a mechanic's lien claimant, commenced these actions in district court. Lyman did not join BMW as a party, now stating it did not believe priority was an issue. Lyman joined Sedgwick because the mechanic's lien statute requires that all claimants be joined in one action. *See* Minn.Stat. § 514.11 (1986).

Later, Sedgwick attempted to join BMW as third-party defendant to adjudicate the priority of its mechanic's lien over BMW's mortgages, stating on information and belief that its mechanic's liens had priority over the mortgages. Sedgwick, however, failed to bring BMW into the action through a motion immediately after it received the complaint or through commencement of a new action. Instead, it served a third-party complaint, attempting to implead BMW as a third-party defendant.

BMW objected to the third-party complaint on the grounds that it was not a proper procedural device for joining a mortgagee in a mechanic's lien foreclosure action. Specifically, it stated the third-party defendant (BMW) was not liable, in whole or in part, for the third-party plaintiff's (Sedgwick's) liability to the original plaintiff, a requirement for bringing a third-party complaint under Rule 14. *See* Minn.R. Civ.P. 14. Lyman had not claimed Sedgwick was liable to it.

BMW brought a motion for judgment on the pleadings, requesting that the trial court dismiss Sedgwick's third-party complaint. Sedgwick brought a countermotion requesting that the trial court deny BMW's motion for judgment on the pleadings, join BMW as an additional defendant to this action, and amend the third-party complaint to constitute a cross-claim against BMW, relating back to the original filing and service of the third-party summons and complaint.

The trial court granted BMW's motion for judgment on the pleadings, dismissing Sedgwick's third-party complaint with prejudice. It ordered that BMW, the third-party defendant, be dismissed as a party to the action and denied Sedgwick's motions. It

did not write an accompanying memorandum. Sedgwick appeals.

### ISSUES

1. Did the trial court err in dismissing appellant's third-party complaint?

2. Did the trial court abuse its discretion in denying appellant's motion to amend its third-party complaint to retroactively cross-claim against respondent, in effect, requesting a retroactive joinder?

### ANALYSIS

■ 1. On a motion to dismiss for failure to state a claim, the only question on appeal is whether the pleading sets forth a legally sufficient claim for relief regardless of whether the party can prove the alleged facts. *Elzie v. Commissioner of Public Safety*, 298 N.W.2d 29, 32 (Minn.1980). Sedgwick argues the trial court erred in dismissing its third-party complaint on the pleadings.

■ Rule 14 provides that a defendant as a third-party plaintiff may bring another party into the law suit "who is or may be liable to him for all or part of the plaintiff's claim against him." Minn.R.Civ.P. 14. In other words, the third-party complaint is appropriate only if BMW's liability derives from Sedgwick's alleged liability to Lyman Lumber. *See* 1 D. Herr & R. Haydock, *Minnesota Practice* 323 (1985). In this case, the claims asserted by Sedgwick against BMW are not claims which derive from Sedgwick's liability to Lyman. Lyman has no personal claim against Sedgwick; it included Sedgwick as a named party because the statute required it. *See* Minn.Stat. § 514.11 (1986). Lyman does not seek judgment against Sedgwick personally; rather, BMW has an interest in the property which is the subject matter of the main action.

Accordingly, the trial court did not err in dismissing Sedgwick's third-party complaint. Sedgwick's proper remedy was to bring a separate action, *cf. Browne v. Aetna Casualty & Surety Co.*, 377 N.W.2d 74, 76 (Minn.Ct.App.1985), *pet. for rev. denied* (Minn. Jan. 31, 1986), or motion for joinder prior to the running of the one-year statute of limitations.

2. Sedgwick argues the trial court abused its discretion by denying its motion to amend its third-party complaint to create a cross-claim with retroactive application against BMW. This would, in effect, retroactively join BMW as a party.

The decision whether to permit a party to amend pleadings rests within the discretion of the trial court and will not be reversed in the absence of a clear abuse of such discretion. *Pischke v. Kellen*, 384 N.W.2d 201, 204 (Minn.Ct.App.1986).

■ The trial court did not err in refusing to allow amendment when that amendment required retroactive application to be effective. Retroactive application is appropriate when

the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) *knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.*

Minn.R.Civ.P. 15.03 (emphasis added). First, the record does not support that BMW would have been brought into the action but for a mistake of identity. Rather Lyman made a decision to not include BMW in the litigation because it did not think a priority question existed.

Second, Sedgwick failed to make specific allegations that visible improvement existed on a particular parcel before the mortgage was filed. It alleged only that, on "its information and belief," its mechanic's liens were prior to the mortgage.

Absent retroactive application, Sedgwick fails to meet the statute of limitations or jurisdictional one-year requirement. The mechanic's lien statute has express requirements for bringing an action, including jurisdictional requirements for challenges to priority, and this court will not allow manipulation of the Minnesota Rules of Civil Procedure in order to circumvent those requirements. Accordingly, the trial court

did not err in denying its motion for amendment.

### DECISION

The trial court is affirmed in all respects.