**THOMPSON PLUMBING COMPANY, INC., et al., Plaintiffs,**

**v.**

**J.E.C., INC., et al., Defendants,**

**Builder's Development & Finance, Inc., Respondent,**

**Domestic Heating Co., Inc., d.b.a. Domestic Mechanical, Appellant.**

No. C3–87–1974.

Court of Appeals of Minnesota.

April 12, 1988.

Gerald G. Workinger, Jr., Brenner, Workinger & Thompson, P.A., Minneapolis, for respondent.

James Van Valkenburg, Philip L. Sieff, Thomsen, Nybeck, Johnson, Bouquet, Van Valkenburg, Ohnstad & Smith, P.A., Edina, for appellant.

Heard, considered and decided by HUSPENI, P.J., and PARKER and MULALLY,* JJ.

## OPINION

EDWARD D. MULALLY, Acting Judge.

Appellant Domestic Heating Company, Inc. appeals a summary judgment determining that it did not have a mechanics' lien or a claim for unjust enrichment against respondent Builder's Development & Finance, Inc. Appellant also appeals the trial court's $3,000 award of attorney fees.

## FACTS

Thompson Electric Co., Inc., Thompson Plumbing Co., Inc. (collectively "Thompson") and appellant properly served and filed notices of mechanics' lien claims upon real estate for which they had provided materials and labor. The real estate was encumbered by a mortgage in favor of respondent which had previously been filed with the registrar of titles.

Thompson timely commenced a mechanics' lien foreclosure action by filing a summons and complaint with the district court within one year after its last item of work on the real estate. Although it served other parties to the action, Thompson neglected to serve respondent until more than one year after its last item of work. Appellant then timely served its answer but did not serve respondent with the summons or other notice of the action.

Respondent subsequently became fee owner of the real estate by foreclosing its mortgage and purchasing at the sheriff's sale. Respondent then demanded mechanics' lien releases from Thompson and appellant, claiming their liens were invalid because respondent was not made a party to the mechanic lien foreclosure action within one year of the last date of improvement. Thompson eventually acceded to this demand, but appellant continued to insist its lien was not extinguished. Respondent moved for summary judgment against appellant, and demanded attorney fees because appellant asserted a baseless claim.

The trial court determined appellant could not pursue its mechanics' lien claim because it did not serve respondent within a year of its last item of work and thus did not timely make respondent a party to the action as required by Minn.Stat. § 514.12, subd. 3 (1986). It also determined appellant had no claim of unjust enrichment because it could not show respondent unlawfully or illegally benefitted from appellant's labor and materials. Finally, it found appellant asserted a meritless position and thus ordered appellant to pay respondent's attorney fees pursuant to Minn. Stat. § 549.21, subd. 2 (1986).

## ISSUES

1. Can a party be bound by a judgment in a timely commenced mechanics' lien action if the party is not served within one year after the mechanics' lien claimant's last item of work?

2. Did appellant assert a meritless position before the trial court and on appeal?

3. Did appellant present sufficient evidence to the trial court to make out a prima facie claim for unjust enrichment?

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

## ANALYSIS

■ The dispute centers around the meaning of the following statutory language:

No lien shall be enforced in any case unless the holder thereof shall assert the same, either by complaint or answer, within one year after the date of the last item of the claim as set forth in the recorded lien statement;

\* \* \* \* \* \*

nor shall any person be bound by the judgment in such action unless made a party thereto within the year.

Minn.Stat. § 514.12, subd. 3. This language has remained essentially the same since the statute was revised in 1905. *See* Rev. Laws 1905 § 3515.

Appellant claims it is sufficient that it asserted its claim, by filing its answer, within one year even though respondent was not also served within the year. Appellant argues it should not be penalized for Thompson's failure to serve respondent.

Section 514.12, subd. 3 clearly requires that one must be made a party if it is to be bound by the judgment in a mechanics' lien foreclosure action. A person cannot be bound until a court acquires personal jurisdiction either by service of the summons or by the person's voluntary appearance. *Thompson Yards, Inc. v. Standard Home Building Co.*, 161 Minn. 143, 146–47, 201 N.W. 300, 302 (1924). The acquisition of personal jurisdiction makes a named defendant a party to the action. *Id.* at 147, 201 N.W. at 302.

In this case, respondent was not a party to the action because the court did not acquire personal jurisdiction within the statutory time limit. Therefore, the trial court correctly determined respondent could not be bound by the action.

■ Appellant claimed at trial its lien was valid because the action was properly commenced within one year by Thompson's timely filing of its summons and complaint with the district court. Although appellant correctly asserted that an action is commenced upon filing, *see AAA Electric v. R–Design Co.*, 364 N.W.2d 869, 871 (Minn. Ct.App.1985), it failed to address the crucial issue of untimely service in its trial court brief. Appellant's case summaries did not explain how the trial court could justifiably assert jurisdiction over respondent without timely service.

Appellant did address the untimely service issue in its oral presentation at the summary judgment hearing when it claimed that filing the summons and complaint, not service, confers jurisdiction; however, it cited no competent authority for this proposition, nor did it claim it was arguing for an extension of existing law. Therefore, the trial court was within its discretion to award attorney fees against appellant and its counsel for asserting a meritless claim. *See* Minn.Stat. § 549.21 (1986); *Blattner v. Forster*, 322 N.W.2d 319, 321 (Minn.1982) (decision to award attorney fees is within trial court's discretion).

■ We find appellant's arguments on appeal to be equally meritless. Appellant relies on cases involving extension of time limitations in mechanics' lien foreclosure actions. *See Guillaume & Associates, Inc. v. Don–John Company*, 336 N.W.2d 262 (Minn.1983); *R.B. Thompson, Jr. Lumber Co. v. Windsor Dev.*, 383 N.W.2d 357 (Minn.Ct.App.1986), *pet. for rev. denied* (Minn. May 22, 1986). These cases, in which time extensions were authorized under specific provisions of the Minnesota Rules of Civil Procedure, are not relevant to this action where appellant has cited no independent authority allowing for extension of time to serve a party.

Appellant's unjust enrichment claim also is without basis in the law. A claim of unjust enrichment is available if one party is unjustly enriched in the sense that the term "unjustly" could mean illegally or unlawfully. *First National Bank of St. Paul v. Ramier*, 311 N.W.2d 502, 504 (Minn.1981). Claiming that this was not the correct definition of unjust enrichment, appellant did not present evidence of illegality or impropriety to the trial court. On appeal, appellant apparently accepts this definition and now argues the mort-

gage foreclosure sale was a fraudulent conveyance, an illegality giving rise to an unjust enrichment claim. Because this argument was not presented to the trial court, we will not consider it on appeal. *See Greer v. Kooiker,* 312 Minn. 499, 511–12, 253 N.W.2d 133, 142 (1977).

### DECISION

The decision of the trial court is affirmed in all respects. Respondent's request for attorney fees on appeal is granted and judgment against appellant is ordered in the amount of $400.

Affirmed. Attorney fees awarded.