WILLIAM H. BURNS *et al.* *vs.* ALBERT S. PHINNEY *et al.*

Argued by appellants, submitted on brief by respondents, May 8, 1893. Decided June 8, 1893.

**Courts cannot Enlarge the Time to Appeal.**

Neither the district court nor this court can give a party a right to appeal after the time for appeal prescribed by the statutes has passed.

**One Having no Interest will not be Heard.**

One who claims no interest in the subject of controversy cannot be heard on appeal to this court.

**A Lien Claimant is Barred of His Lien, if He is not in Court within a Year.**

Where a lien claimant, made a defendant in an action to foreclose a mechanic's lien, does not appear in it for the purpose of asserting his lien, within the time allowed him by statute to bring an action to enforce his lien, his right to enforce it is barred. That the action is brought within time to save plaintiffs' lien will not help such a defendant.

**Same — If Made Defendant, and He Set up His Lien, the Action is His.**

Where a lien claimant appears in such an action for the purpose of asserting his lien he makes the action his own for the purpose of enforcing his lien, and if he is in time the fact that plaintiffs' lien is barred, or that plaintiffs from any cause fail to recover, will not affect him.

**Findings not Supported by the Evidence.**

Finding of fact *held* not justified by the evidence.

**New Trial Ordered.**

Judgment reversed, and new trial ordered as to plaintiffs and defendants Grier and Wilcox, and affirmed as to defendant Horst.

Appeal by defendants, Charles J. Berryhill and others, from a judgment of the District Court of Ramsey County, *J. J. Egan*, J., entered May 7, 1892.

The plaintiffs, William H. Burns and Willis R. Shaw, commenced this action to foreclose their lien for lumber sold to Albert S. Phinney and Mamie Phinney, his wife, and used in the construction of six cottages, on a tract of land less than one acre in extent, situate on the corner of Marshall Avenue and Victoria Street in St. Paul. Other lien claimants and mortgagees were made defendants. The issues were tried April 19, 1892. Findings were filed and judgment entered directing a sale of the property and distribution of the proceeds among the lien claimants; the excess, if any, to be brought into court for distribution to the parties entitled, as their respective rights might appear. The mortgagees appeal.

*Charles J. Berryhill*, for appellants.

*Frank Ford* and *Howard L. Smith*, for respondents.

GILFILLAN, C. J. This is an action to enforce a mechanic's lien, and, as in most actions of the kind, matters are a good deal complicated. So far as the record in this appeal discloses, the owners of the real estate, Mamie Phinney and Albert S., her husband, made no defense. Defendants Berryhill defended under one mortgage, defendants Davison under another, and defendant Goodman under another, and defendant Resser defended under the Davison mortgage. As to each mortgage it was claimed, although subsequent to the mechanics' liens, that it was entitled to preference over them. Defendant Horst claimed a mechanic's lien, and defendants Grier and Wilcox did the same.

The liens of plaintiffs, of Horst, and of Grier and Wilcox were allowed. The judgment directed the property sold to pay them, and the claims of the other defendants to be barred, except their rights of redemption.

The appeal is brought by the Berryhills, the Davisons, and Goodman.

After his time to appeal had expired an application was made to the court below on behalf of Resser to be permitted to join in the appeal taken by the others, and a similar application is made here. There is no authority in the district court nor in this court to give a party a right to appeal after the right given him by the statute has lapsed by his failure to exercise it, and to grant his application would be, in effect, giving him a right to appeal. See 1878 G. S. ch. 66, § 79.

The mortgage executed by the Phinneys to Davison was, as appears from his answer, by him assigned to Resser, and thereupon his interest in the subject of litigation ceased, and consequently he has no right to complain of the decision of the court below, and cannot be heard here.

The dates of the mechanics' liens were as follows: Plaintiffs', July 16, 1890; Horst's, September 12, 1890; Grier's and Wilcox's, October 15, 1890.

The mortgage under which Goodman claims was executed December 4, 1890, by the plaintiffs to the National Investment Company, and by that company assigned to Goodman.

No reason is apparent upon the record, and none is suggested in the appellant's brief, why the lien of this mortgage is not subordinate to the mechanics' liens; therefore the eighth assignment of error, directed to the decision giving the mechanics' liens precedence of that mortgage, is not well founded.

The mortgage of the Phinneys to Berryhill was executed December 5, 1890. No assignment of error calls in question the decision of the court subordinating this mortgage to the mechanics' liens, and it is therefore unnecessary to consider it.

The defendants Grier and Wilcox were named as defendants in the summons and complaint, but they did not appear in the action till they filed their answer, March 5, 1892, more than a year and four months after the date of their last item. Their right to enforce their lien had then become barred. The fact that plaintiffs commenced their action in time did not keep the Grier and Wilcox lien alive. When an action to foreclose a mechanic's lien is begun, the appearance in it of other lien claimants for the purpose of asserting

their liens is equivalent to the commencement by them of an action for the purpose, and if within the time allowed them to commence an action will preserve their right to enforce their liens.

Horst's answer was filed before his lien was barred, and, so far as he was concerned, it was immaterial whether plaintiffs commenced the action in time to save their lien. When the action is to foreclose a mechanic's lien, the right of a lien-claiming defendant does not depend on the plaintiff's right to recover, nor on his recovery. The failure of plaintiff to recover from any cause will not affect the right of any lien-claiming defendant. Each such defendant makes the action his, for the purpose of enforcing his lien, from the moment he appears in it for that purpose.

We think the court below was justified in finding that the plaintiffs' action was commenced in time to save their lien.

From assignment of error 5, "in refusing to find a lien in favor of Goodman for the amount of his mortgage," and a similar one (7) in respect to the Berryhill mortgage, it is difficult to see what the appellants complain of. The court found the existence of those mortgages, and in its direction for judgment recognized the right of those defendants to redeem. We infer the assignments were intended to present the point that the court ought to have directed a sale on account of those mortgages as well as of the liens, and allowed those defendants to participate in the distribution of the proceeds of sale. It is probably a sufficient reason for the court not so directing that those defendants did not ask for any such relief. Their answers merely put them in the attitude of resisting the mechanics' liens. The mortgage of Goodman was not due; whether Berryhill's was or not nowhere appears. Those defendants may have preferred to retain their liens, take the chances of the owners redeeming, and redeeming themselves in case they did not. But the findings of fact were not sufficient to justify any such direction. The amounts still due on the mortgages were not found, and the court was not asked to make any such findings.

The court, however, erred in finding as a fact that the plaintiffs' claim was not paid. The evidence was such as to require a finding that it was paid December 5, 1890. Upon the transaction which constituted payment there was no conflict in the evidence. It is true, Burns testified generally that no part of the claim had been

paid, but, as he had no personal knowledge of that transaction, his general statement could make no conflict in the evidence upon it. The transaction was that Phinney, having given to Burns & Shaw two orders on Berryhill and Davison,—one for the payment of the balance due on house No. 2, Berryhill & Davison's rearrangement; the other for payment of the balance due on house No. 4 of said rearrangement,—the orders were taken by one Othea, an agent of Burns & Shaw, to Berryhill, who paid the same. The latter testified, and he was corroborated by Othea, and in no way contradicted, that at the time of paying he told Othea distinctly a number of times that the houses on which he was paying were those on lots 2 and 4, being the second and fourth houses from the corner. The house on lot 4, or the fourth one from the corner, was that in controversy here. Of course, as the party paying has the right, ordinarily, to make the application of the payment, it must be accepted, and must operate as if so applied.

The way in which the misunderstanding must have arisen was this: The land platted as Berryhill & Davison's rearrangement was situate at the corner of Marshall avenue and Victoria street, St. Paul, and was divided by the plat into six lots, one (No. 6) fronting on Marshall avenue, the others fronting on Victoria street, and numbered consecutively, beginning with the corner lot, Nos. 1, 2, 3, 4, and 5. The Phinneys built at about the same time a house on each lot. Because the house on lot 6 was built first, and the others in succession, beginning at the corner, those working on the houses, and the plaintiffs also, were in the habit of designating the houses, not according to the numbers of the lots, but according to the order in which they were built, thus designating that on lot 6 as house 1, and that on lot 1 as house 2, and so on. It does not appear that Berryhill knew anything of that way of designating the houses. It is easy to see how the plaintiffs, and, on the trial, the court below, may have been misled by this manner of designating the houses.

The judgment must be reversed, and a new trial ordered, as between the plaintiffs and the defendants Grier and Wilcox and the defendants the Berryhills and Goodman, and affirmed as to the defendant Horst.

VANDERBURGH, J., took no part in this decision.

(Opinion published 55 N. W. Rep. 540.)