GALE-GUNNER LUMBER COMPANY v. MELIN BROTHERS INCORPORATED, AND OTHERS.[1]

February 16, 1917.

Nos. 20,129—(264).

**Mechanic's lien — enforcement — evidence admissible.**

1. In an action to foreclose a mechanic's lien for improvements made after the foreclosure of a prior mortgage upon the property but begun before the time to redeem from the foreclosure expired, the lienholder may prove that the time for redemption from the mortgage sale had been extended by agreement between the owner and the purchaser at the mortgage sale.

**Pleading — allegations in issue — extension of time for redemption.**

2. The allegations of the answer interposed by the purchaser at the

1Reported in 161 N. W. 389.

mortgage sale are in issue without further pleading, and the lienholder may prove an extension of the time to redeem from such sale, although he has not alleged such extension.

Action in the district court for Hennepin county by the partners doing business as Gale-Gunner Lumber Company against Melin Brothers, Inc., and others, to foreclose a mechanic's lien. The facts will be found in the opinion. The case was tried before Jelley, J., who made the finding given in the first paragraph of the opinion, found the amounts due upon the several mechanics' liens and ordered a sale of the premises subject to the two mortgages and payment of the several liens *pro rata* from the proceeds of the sale. From the order denying its motion for new conclusions of law or for a new trial, Landers-Morrison-Christenson Company appealed. Affirmed.

*James C. Melville,* for appellant.

*John A. Sweeney* and *Roberts & Strong,* for respondent.

TAYLOR, C.

Melin Brothers, Incorporated, were the owners of a duplex or two family apartment building in the city of Minneapolis, which was incumbered by a first mortgage of $3,500 held by Larrabee Brothers, and by a second mortgage of $1,200 to the appellant. Appellant foreclosed its mortgage by advertisement and bid in the property at the foreclosure sale which was held on October 21, 1913. Larrabee Brothers also foreclosed their mortgage by advertisement and bid in the property at the foreclosure sale which was held on May 21, 1914. On May 11, 1915, they assigned their certificate of sale to appellant. After both foreclosure sales had been made and about August 1, 1914, Melin Brothers, Incorporated, began improvements upon the building and completed them in December, 1914, at an expense of more than $2,000. They failed to pay various claims for labor and material, and liens were filed therefor against the property. Plaintiff, one of the lien claimants, brought this action to foreclose its lien, and made Melin Brothers, Incorporated, Larrabee Brothers, appellant, and also the other lien claimants parties defendant. The various lien claimants answered and asserted their respective claims. The trial court found that Larrabee Brothers and ap-

pellant had extended the time to redeem from their respective foreclosure sales in consideration of the making of the improvements made by Melin Brothers, and that the improvements had been made in reliance upon such extension. Although the granting of these extensions is denied, there is ample evidence to sustain the finding.. The court held in effect that the extension operated to annul the foreclosures, and directed that the property be sold subject to the two mortgages, and that the proceeds be divided *pro rata* among the several lienholders. Appellant made a motion in the alternative for amended conclusions of law or for a new trial, and appealed from an order denying its motion.

Appellant contended that the evidence offered to prove the agreement extending the time for redeeming from the foreclosure sales was inadmissible under the pleadings, and assigns the rulings admitting such evidence as error.

This is an action authorized by statute for the purpose of foreclosing the mechanics' liens upon the property, and the plaintiff was required to make all other lienholders parties defendant. All claimants having liens arising out of the same improvement are required to foreclose them in this action. They cannot maintain separate actions. Each lienholder, who, in his complaint or answer, sets forth facts entitling him to a lien, makes the action his own for the purpose of foreclosing such lien, and may prosecute it to a final conclusion. If the plaintiff or any other claimant fails to establish his lien or presents a defective pleading, it does not affect the rights of other lienholders, nor preclude them from making proof of all facts essential to the enforcement of their respective liens. Burns v. Phinney, 53 Minn. 431, 55 N. W. 540. As only a general objection was made, the ruling of the trial court was correct, if the evidence was admissible in support of the claims asserted by any of the lienholders. Appellant has not returned the answers filed by the several lienholders who were made defendants, and we must assume that the evidence was admissible under these answers, in the absence of anything to show the contrary. Furthermore, appellant asserted title to the property in its answer. The allegations of the answer were in issue without further pleading (G. S. 1913, § 7029); and any lienholder had the right to present any pertinent evidence tending to defeat appellant's claim, unless precluded from doing so by his own

pleading. He was not required to plead facts showing the invalidity of appellant's claim in order to attack it by evidence.

Melin Brothers brought an action against appellant in which, in a rather long and rambling complaint, they sought to assert various claims against appellant growing out of the transactions in respect to this property. Appellant demurred to the complaint on the ground that it did. not state facts sufficient to constitute a cause of action. The demurrer was sustained by the court. Nothing further was done in that action and no judgment was entered. Appellant now presents the proceedings in that action as constituting an adjudication which bars the lienholders from maintaining the present action. That it does not is too obvious to require comment.

The trial court recognized the rights of appellant under the mortgages as superior and paramount to those of the lienholders, and provided for the protection of appellant's rights thereunder by directing that the sale be made subject thereto. The evidence is ample to sustain the findings of the trial court and appellant points out no errors which justify a reversal.

Order affirmed.