## OLSON & SERLEY SASH AND DOOR COMPANY v. EDWARD J. JUCKEM AND OTHERS.[1]

June 5, 1925.

No. 24,534.

**Answer of holder of mechanic's lien must be filed within one year of last item.**

1. Unless a lienholder, joined as a defendant in an action to foreclose another lien, files his answer within one year after the date of the last item of his claim for lien, he loses his right to enforce the lien. The service of the answer on the plaintiff's attorney within the year does not preserve the right. The statute requires the pleadings, in actions to enforce mechanics' liens, to be filed, not served.

**Lost lien not revived by stipulation and order of court.**

2. A stipulation between the attorney for the plaintiff in the foreclosure action and the attorney for the defendant lienholder, permitting the latter to file his answer with the same force and effect as if it had been filed within the year, accompanied by an order of the court to that effect, does not revive the lien.

1. See Mechanics Liens, 27 Cyc. pp. 338, 340, 342.
2. See Mechanics Liens, 27 Cyc. p. 344.

Action in the district court for Hennepin county to foreclose a mechanic's lien. The case was tried before Salmon, J., who ordered judgment in favor of plaintiff. Defendants appealed from an order denying their motion for judgment notwithstanding the decision or for a new trial. Reversed and remanded with directions.

*John G. Priebe,* for appellants.

*Walter U. Hauser,* for respondent.

[1]Reported in 204 N. W. 51.

LEES, C.

This is an appeal from an order denying the motion of defendants Edward and Emily Juckem for a new trial of an action to foreclose a mechanic's lien on their homestead. The action was commenced in January, 1923, by the Olson & Serley Sash & Door Company to enforce its lien on the property. The respondent, Appleton, who had also filed a lien claim, was joined as a party defendant. His lien statement was filed on December 19, 1922. It appears therefrom that the date of the last item of his claim is November 27, 1922. The summons was served on the appellants, but they failed to appear or answer within the time allowed by law. An answer was prepared for Appleton and served on the plaintiff's attorney, but it was not filed in the office of the clerk of court as provided by G. S. 1923, § 8500. On March 24, 1924, it was stipulated by the attorney for the Olson & Serley Company and the attorney for the respondent that respondent's answer might then be filed with the same force and effect as if it had been filed in time. The court entered an order based on the stipulation, permitting the answer to be so filed. Subsequently the appellants answered and the case came on for trial.

The defense upon which appellants rely is that the right to foreclose was lost because respondent failed to assert his lien by filing his answer within one year after the date of the last item in the lien statement. We think the defense is good. Sections 8500 and 8501, G. S. 1923, as construed by this court, present an insuperable obstacle to the successful enforcement of the lien. The pleadings in proceedings to enforce mechanics' liens must be filed, not served. The statute so provides and this court has so held. Bauman v. Metzger, 145 Minn. 133, 176 N. W. 497.

Respondent's failure thus to assert his lien was fatal. Conceding, for the sake of the argument, that after the year expired appellants could waive their right to defeat the enforcement of the lien, they did nothing which amounts to a waiver. They were not parties to the stipulation and were not notified of the application for the order which followed. Moreover, the statute puts an end to the life and duration of the lien at the expiration of the year within which it may be enforced, hence neither the stipulation nor the order could

revive it.  Smith v. Hurd, 50 Minn. 503, 52 N. W. 922, 36 Am. St. 661.

The answer of a lienholder, joined as a defendant pursuant to section 8500, is the equivalent of a cross complaint.  In addition to all other matters which may properly be pleaded, it must set up the lien claimed by the defendant and demand the enforcement thereof.  All whose liens arise out of the same improvement must foreclose their liens in one action.  Any individual lien claimant may commence the action, but once an action is commenced all the other claimants must answer therein and each must make the action his own for the purpose of enforcing his lien.  Gale-Gunner Lbr. Co. v. Melin Bros. 136 Minn. 118, 161 N. W. 389.

In Burns v. Phinney, 53 Minn. 431, 55 N. W. 540, it was held that certain liens were barred because the holders thereof failed to file their answers until more than a year after the date of the last item in their lien claims had elapsed; that, to make the action of another lienholder their own for the purpose of asserting their liens, they must appear therein within the time allowed them to commence an action, and that they did not appear until they filed their answers. Even more to the point is Thompson Yards v. Standard Home Bldg. Co. 161 Minn. 143, 201 N. W. 300, where it was said that, unless within the life of his own lien, a lien claimant who has been joined as a party defendant files an answer for the enforcement of his lien, he loses it.

The service of the answer on the attorney for the Olson & Serley Company amounted to nothing; the filing of the answer is the essential thing.  Filing it is a substitute for the service of the summons when an action to foreclose is commenced.  It keeps the lien alive whether the plaintiff's action was begun in time or not and whether the plaintiff prevails or is defeated.  Sandberg v. Palm, 53 Minn. 252, 54 N. W. 1109.

The undisputed facts preclude respondent from enforcing his lien. It expired on November 27, 1923, before the filing of the answer by which respondent sought to enforce it.

The order denying a new trial is reversed and the case remanded with direction to strike out that portion of the conclusions of law

which directs that the personal judgment against defendant Edward Juckem shall be a specific lien upon the property enforceable by a sale thereof.

Order reversed.