6 F.3d 542
 RICO Bus.Disp.Guide 8389
 Terry J. KOLB, d/b/a Kolb & Son Painting, Appellant,
v.
SCHERER BROTHERS FINANCIAL SERVICES CO., a Minnesota
Corporation; Scherer Brothers Lumber Co., a Minnesota
Corporation; Albertville Industrial Development Co., a
partnership; Thomas P. Olson, Roger Scherer, Michael
Scherer, Gregory Scherer, Gary M. Scherer, James H. Roberts;
Mary J. Roberts; Bruce A. Boeder; Lambert & Boeder;
Loren Gross; Christian and Gross, Appellees.
 No. 92-2950.
 United States Court of Appeals,
Eighth Circuit.
 Submitted May 13, 1993.
Decided Oct. 1, 1993.
 
 Dale C. Nathan, Eagan, MN, argued, for appellant.
 Janet G. Pollish, St. Louis Park, MN, argued, for appellee.
 Before BEAM, Circuit Judge, ROSS, Senior Circuit Judge, and MORRIS SHEPPARD ARNOLD, Circuit Judge.
 BEAM, Circuit Judge.
 
 
 1
 Kolb appeals the dismissal of an action under the Racketeer Influenced and Corrupt Organizations Statute, 18 U.S.C. Secs. 1961, et seq. ("RICO") on res judicata grounds. We affirm.I. BACKGROUND
 
 
 2
 Terry K. Kolb, d/b/a Kolb & Son Painting ("Kolb"), is a painting contractor. In February 1989, Kolb contracted with J. Roberts Construction, Inc. ("Roberts") to paint a home for $21,500. Roberts was building the home at 12561 Danbury Way, in Rosemont, Minnesota ("Property I"). Kolb concurrently performed work on another home which Roberts was building at 1513 Summit Oaks Court, in Burnsville, Minnesota ("Property II") for an agreed upon price of $15,200. Kolb received a partial payment of $8,000 while working on Property II. When Kolb requested payment for the extensive work he had already performed on Property I, Kolb was ordered off the property. Kolb then filed mechanic's liens against both properties.
 
 
 3
 In May 1989, another mechanic's lienholder initiated state court foreclosure actions in Dakota County, Minnesota, against both properties. Kolb was named as a defendant in both foreclosure actions, as were Roberts and Scherer Brothers Financial Services Company ("SBFS"). In both actions, Kolb filed an answer and cross-claim asserting his mechanic's liens.
 
 
 4
 Roberts initiated a separate action against Kolb arguing that Kolb's mechanic's liens were in excess of the value of the work performed. In January of 1990, Kolb and Roberts reached a settlement agreement. The settlement stipulated that Kolb had valid mechanic's liens against both properties, and that Roberts owed Kolb $25,000 for work performed on Property I and $8,000 for work performed on Property II. As of June 1990, Roberts had not paid Kolb as required by the settlement agreement. Kolb therefore moved for summary judgment on his claim against Property II in the underlying mechanic's lien action. Roberts subsequently paid Kolb $8,500 in satisfaction of his $8,000 mechanic's lien on Property II. In exchange, Kolb executed a satisfaction of mechanic's lien, and agreed to a dismissal with prejudice of his claim against Property II.
 
 
 5
 Kolb then moved for summary judgment on his claim against Property I in the Roberts initiated action. On July 27, 1990, the court entered a personal judgment against Roberts for the $25,000 he owed Kolb for work performed on Property I. Thus, Kolb collected $8,500 for the work he performed on Property II, held a $25,000 personal judgment against Roberts for the work he performed on Property I, and maintained his participation in the pending mechanic's lien action against Property I.
 
 
 6
 The court scheduled a trial in the underlying mechanic's lien foreclosure action on Property I. Most of the lienholders appeared. Prior to trial, a settlement conference was held, and Scherer Brothers Lumber Company ("SBL"), and SBFS, holders of the first and second mortgages on Property I, offered to pay all of the lienholders, except Kolb, the full amount of their claims plus interest and attorney's fees. All parties stipulated to the priority of SBFS's first mortgage on Property I. SBFS and SBL then moved to discharge Kolb's lien on the ground that Kolb had waived the right to enforce his mechanic's lien by obtaining a prior personal judgment against Roberts.
 
 
 7
 In January of 1991, the court entered a judgment denying SBL/SBFS's motion. The court upheld the validity of Kolb's lien on Property I and of his personal judgment against Roberts. The court also provided for foreclosure of the lien. Following this judgment, SBL, SBFS and Kolb entered into a settlement agreement in which Kolb assigned his lien claims and his personal judgment against Roberts to SBL in exchange for $29,500. As part of this settlement, Kolb agreed not to name SBL or SBFS in any action alleging fraudulent conveyance of the real properties at issue in foreclosure actions.
 
 
 8
 Kolb then filed this RICO action in the federal district court for the District of Minnesota. SBFS, SBL, Roger Scherer, Gregory Scherer, Gary M. Scherer, Michael Scherer, Albertville Industrial Development Co., and Thomas P. Olson, (collectively "Scherer Brothers") filed an answer raising a number of affirmative defenses. After some discovery, the Scherer Brothers moved for summary judgment on four grounds, including res judicata. The district court conducted a hearing and then granted the Scherer Brothers' motion for summary judgment on the ground that Kolb's RICO suit was barred by res judicata. Kolb appeals.
 
 II. DISCUSSION
 
 9
 We review the district court's grant of summary judgment de novo. Summary judgment is appropriate only when an examination of the evidence in the light most favorable to the non-moving party reveals no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).
 
 
 10
 We have outlined a four-part test to determine when res judicata bars relitigation of a claim: (1) the first suit must result in a final judgment on the merits; (2) the first suit must be based on proper jurisdiction; (3) both suits must involve the same nucleus of operative fact; and (4) both suits must involve the same parties or their privies. United States EPA v. Green Forest, 921 F.2d 1394, 1403 (8th Cir.1990) (citing Lovell v. Mixon, 719 F.2d 1373, 1376 (8th Cir.1983)). The parties do not contest jurisdiction; we therefore confine our discussion to the other three elements of the test.
 
 
 11
 We look to the law of Minnesota to evaluate whether the prior actions constitute a "final judgment on the merits." See 28 U.S.C. Sec. 1738;[1] see alsoMarrese v. American Academy of Orthopaedic Surgeons, 470 U.S. 373, 375, 105 S.Ct. 1327, 1329, 84 L.Ed.2d 274 (1985) (a federal court must first consider the law of the state in which a judgment was rendered when determining the preclusive effect to be accorded such a judgment). Under Minnesota law, a judgment on the merits constitutes an absolute bar to a second suit on any matter which was actually litigated or which could have been litigated in the prior action. Mattsen v. Packman, 358 N.W.2d 48, 49 (Minn.1984). Moreover, a consent judgment carries the same preclusive effect as a judgment after trial. See Kronzer v. First Nat'l Bank, 305 Minn. 415, 235 N.W.2d 187, 195 n. 19 (1975) (en banc). The payment dispute between Kolb and Scherer Brothers has been the subject of at least two and possibly three separate state court proceedings in which Kolb could have litigated his RICO claim. See Tafflin v. Levitt, 493 U.S. 455, 464-65, 110 S.Ct. 792, 797-98, 107 L.Ed.2d 887 (1990) (state courts have concurrent jurisdiction with federal courts over civil RICO actions.) All of these prior actions resulted in judgments that were "judgments on the merits" for res judicata purposes.
 
 
 12
 Kolb claims that his RICO action does not arise from the same nucleus of operative facts that animated the mechanic's lien actions. We disagree. Roberts contracted for labor and materials in the construction of Properties I and II, and then failed to pay as promised. These facts gave rise to the state mechanic's lien actions. In his federal complaint, Kolb alleges that Scherer Brothers conspired to defraud him in the same transactions that were the basis of the state law actions. While the elements of a RICO claim and a mechanic's lien action are not identical, both of Kolb's claims arose from the same predicate facts, and are the product of the same transactions.
 
 
 13
 The district court found that all of the parties to this action were either parties to, or in privity with, parties to the state court actions. Kolb v. Scherer Brothers Financial Serv. Co., No. 3-91-200, Memorandum Opinion and Order at 13 (D.Minn. June 30, 1992). This factual finding is supported by the record and is not clearly erroneous.
 
 
 14
 Kolb's primary contention on appeal is that he was a co-defendant with Scherer Brothers in the mechanic's lien actions, and therefore that his RICO claim was a permissive cross-claim under Minn.R.Civ.P. 13.07 rather than a compulsory counterclaim under Minn.R.Civ.P. 13.01. Based on this characterization, he argues that res judicata is inapplicable to his RICO claim. The district court rejected this argument and concluded that Kolb should have raised his RICO action as a counterclaim in the mechanic's lien actions.
 
 
 15
 The resolution of this case turns on the nature of a mechanic's lien action and the relationship among the parties named as codefendants in such an action. Our examination of Minnesota law, and the facts of this case, leads us to conclude that Kolb's RICO action should have been raised as a compulsory counterclaim in the state court actions.[2]
 
 
 16
 Although all parties in a mechanic's lien action, other than the one who files the complaint, are designated as codefendants, see Minn.Stat.Ann. Sec. 514.11 (1990), it would be pure fiction to conclude that no adversity in fact exists between the parties merely because they are all designated as defendants. See, e.g., Minn.Stat.Ann. Sec. 514.05. For over one hundred years Minnesota courts have ruled that:
 
 
 17
 [w]hen an action to foreclose a mechanic's lien is begun, the appearance in it of other lien claimants for the purpose of asserting their liens is equivalent to the commencement by them of an action for the purpose.... Each such defendant makes the action his [or hers], for the purpose of enforcing his [or her] lien, from the moment he [or she] appears in it for that purpose.
 
 
 18
 Burns v. Phinney, 53 Minn. 431, 55 N.W. 540, 541 (1893). See alsoOlson & Serley Sash & Door Co. v. Juckem, 163 Minn. 375, 204 N.W. 51 (1925) (once a lien enforcement action is commenced, all other claimants must file an answer and make the action his or her own for the purpose of enforcement). Furthermore, any lienholder entitled to relief may pursue the foreclosure to its conclusion regardless of whether or not the nominal plaintiff presents a viable lien claim. Gunner v. Melin Bros., 136 Minn. 118, 161 N.W. 387, 388 (1917). Thus, Minnesota law is unambiguous. Any party who files an answer in a mechanic's lien action, though nominally a defendant, may actually function as a plaintiff with regard to other named defendants.[3]
 
 
 19
 Kolb was clearly adverse to the Scherer Brothers in the prior state court mechanic's lien actions. Indeed, in one of the state court proceedings, the Scherer Brothers settled with the other mechanic's lien claimants, leaving Kolb and the Scherer Brothers as the only parties to the action. Thus, Kolb cannot avoid res judicata by styling his RICO action as a permissive cross-claim between codefendants.
 
 III. CONCLUSION
 
 20
 For the reasons stated above, the grant of summary judgment to the Scherer Brothers on the ground of res judicata is affirmed.
 
 
 
 [1]
 28 U.S.C. Sec. 1738 provides in relevant part:
 [The] Acts, records and judicial proceedings [of any court of any State, Territory, or Possession] ... shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken.
 
 
 [2]
 Kolb relies heavily on our decision in Atlas Pile Driving Co. v. Di Con Financial Co., 886 F.2d 986 (8th Cir.1989) as the basis for his RICO action. Di Con does not stand for the proposition that every construction deal gone awry raises RICO concerns, and we are not convinced that Kolb has alleged sufficient facts to sustain his RICO action. However, that issue has not been raised before this court and we make no finding as to the sufficiency of Kolb's RICO pleadings
 
 
 [3]
 We note that the interests of plaintiff and defendant lien claimants are not always adverse. For example, under Minn.Stat.Ann. Sec. 514.05(1), all lien claims arising from the construction of some improvement to property are considered coordinate liens. However, the interests of mechanic's lienholders will normally be adverse to those of the fee owners, any codefendant mortgage holders, and other parties who claim an interest other than a mechanic's lien against the property. Minn.Stat.Ann. Sec. 514.05(1); Ustruck v. Home Ass'n, 166 Minn. 183, 207 N.W. 324 (1926)