Warren E. NELSON, Plaintiff,

v.

Kenneth D. BUTLER and David R. Michelson, both individually and as attorney members currently of Clure, Eaton, Butler Law Office and formerly of Van Evera, Clure, Butler & Michelson, P.A., law firms respectively, Defendants.

Civil File No. 5–95–41.

United States District Court,
D. Minnesota,
Fifth Division.

March 20, 1996.

Warren E. Nelson, Duluth, MN, pro se.

Joseph V. Ferguson, III, Clure Eaton Butler Michelson Ferguson & Person, Duluth, MN, for defendants.

## ORDER

DAVIS, District Judge.

This matter is before the Court upon plaintiff, Warren Nelson's objections to United States Magistrate Judge Erickson's Report and Recommendation dated February 9, 1996. Pursuant to statute, the Court has conducted a *de novo* review of the record. 28 U.S.C. § 636(b)(1); Local Rule 72.1(c). Based on that review and all the arguments

of the parties, the Court ADOPTS the Report and Recommendation in its entirety. Therefore, it is HEREBY ORDERED that:

1. Defendants' motion for summary judgment is *granted;*

2. Defendants' motion for attorneys' fees is *denied;* and

3. Defendants' motion for an Order permanently enjoining plaintiff from commencing an action against them on the same claims as were litigated here is *granted.*

LET JUDGMENT BE ENTERED ACCORDINGLY.

## REPORT AND RECOMMENDATION

ERICKSON, United States Magistrate Judge.

### I. *Introduction*

This matter came before the undersigned United States Magistrate Judge pursuant to a special assignment, made in accordance with the provisions of Title 28 U.S.C. § 636(b)(1)(B), upon the Defendants' Motion for Summary Judgment, for an award of reasonable attorneys' fees against the Plaintiff, and for an Order that would permanently enjoin the Plaintiff from commencing any action against them that would relate to the Plaintiff's marriage dissolution and child custody proceedings.

A Hearing on the Motion was conducted on September 7, 1995, at which time the Plaintiff appeared *pro se,* and the Defendants appeared by Ronald R. Envall, Esq.

For reasons which follow, we recommend that the Motion for Summary Judgment be granted, that the Motion for attorneys' fees be denied, and that an Order issue which enjoins the Plaintiff from commencing a further action against these Defendants for the same claims.

### II. *Factual and Procedural Background*

This is a civil rights action, pursuant to Title 42 U.S.C. § 1983, in which the Plaintiff claims that the attorneys for his former wife, during the State Court proceedings which resulted in his marriage dissolution and in the award of custody over his minor son to his ex-wife, violated his rights under the Constitution and laws of the United States, while they were acting under color of State law. Although his sixteen-page Complaint encompasses five Counts and recounts, somewhat repetitively, 54 paragraphs of alleged wrongdoing, the gravamen of his action is that the Defendants have improperly limited his right to unsupervised visitation with his minor son, for a period in excess of five years. As a consequence, the Plaintiff asserts that the Defendants have engaged in an abuse of process; in a conspiracy with his former wife and others to deny him due process; and in fraud and misrepresentation. According to the Plaintiff, the Defendants have deprived him of his right to due process and to the equal protection of the laws, under the Fifth and Fourteenth Amendments, and have infringed upon his right to associate with his son, as guaranteed by the First Amendment of the United States Constitution.

In addition to their denial of wrongdoing, the Defendants have responded to the Plaintiffs' Complaint by arguing that his claims are precluded by the doctrine of res judicata, since the same claims were adjudicated, in a State Court proceeding, which absolved the Defendants of any wrongdoing. The Defendants also urge that the Plaintiff's claims are, in reality, a collateral attack upon the State Court's Judgment and Decree, which was entered on March 21, 1991, and which resulted in the dissolution of the Plaintiff's marriage, and in the award of primary custody over his son to his ex-wife. Since, if true, these defenses would preclude the claims that the Plaintiff now seeks to litigate, we examine the underlying facts which, here, are not in dispute.

As noted, in March of 1991, after a five-day trial, the Minnesota District Court dissolved the Plaintiff's marriage to his former wife, divided their property between them and, among other matters, awarded his ex-wife custody over their minor son. The Court also determined that, notwithstanding the urgings of others, the Plaintiff should be entitled to unsupervised visitation with his son. Previously, the Plaintiff's visitation rights were subject to supervision, in accordance with the State Court's Order of No-

vember 28, 1989—a determination that does not appear to have been modified until the State Court's Final Judgment and Decree. In a Memorandum attached to its Final Judgment and Decree, the State Court explained its rationale for unsupervised visitation as follows:

> The Court is mindful that the Guardian Ad Litem and the custody evaluator suggested that visitation initially be supervised. Respondent [i.e., the Plaintiff here] has stubbornly refused to visit with the child in a supervised setting. This has done the Respondent and the child no good. I conclude that the Respondent *cares deeply* for the child and that it is in the best interest of the child that there be regular visitation between the Respondent and the child. By providing for rather limited visitation during the months of April and May of 1991, I am attempting to give the Respondent the opportunity to re-establish his relation with the child.

Notwithstanding what the Plaintiff now expresses as a substantial deprivation of his Constitutional rights during those dissolution proceedings, the State Court's Final Judgment and Decree was not appealed.

Indeed, insofar as the Record demonstrates, the Plaintiff never approached the State Court for any modification of the terms and conditions of that Final Judgment and Decree. Rather, on or about January 7, 1991, the Plaintiff commenced a State Court civil rights action, pursuant to Title 42 U.S.C. § 1983, against his former wife, her brother-in-law, her attorneys at the Defendant law firm, and the two State Court Judges who had presided over the dissolution proceedings. As here pertinent, the Plaintiff summarized his claims against his former wife's attorneys—that is, the Defendants in this case—as follows:

> That Monica Carlson [i.e., Plaintiff's former wife], attorney Ken Butler and attorney Dave Michelson applied fraud, abuse

of process, harrassment [sic], threats and misrepresentation to cause mental torture, intimidate and destroy this plaintiff. * * * These parties also destroyed this plaintiff's in home zone of privacy, taught hate to my son Andrew, thereby destroying this plaintiff's vitality, caused harrassment [sic] and psychological abuse to this plaintiff, thereby effectuating the denial and disregard for this plaintiff's equal protection of the law.

In addition, the Plaintiff also contended that the Defendants in the State Court action—including the Defendants involved here—conspired to deny him due process and "his fundamental 'liberty' civil right of association with and equal time with [his] son." [1] Subsequently, on or about January 23, 1991, the Plaintiff amended his Complaint so as to add a claim that the Minnesota "No Fault" Divorce Act, Minnesota Statutes Section 518 *et seq.*, was unconstitutional both facially and as applied.

In due course, the State Court Defendants moved for Summary Judgment and, following a Hearing on April 4, 1992, the Minnesota District Court granted Summary Judgment to each of the Defendants. In its Summary Judgment Order of June 9, 1992, the Minnesota District Court rejected the Plaintiff's Section 1983 claim as unfounded, and as constituting a collateral attack upon the State Court's Final Judgment and Decree in his prior divorce proceedings. As related by the Minnesota District Court:

> Plaintiff alleges that Defendants conspired with each other to violate his constitutional rights. The allegations are merely conclusory and allege no facts to support Plaintiff's claim. The complaint therefore fails to state a claim upon which relief may be granted.
>
> * * * * * *
>
> Plaintiff seeks monetary damages from Defendants Monica J. Carlson, * * * and

---

1. As he has alleged in this proceeding, the Plaintiff also included the following allegation in his State Court, civil rights Complaint:

 Monica Carlson joined with attorney Butler on or about November, 1988 to compose a colorable affidavit for temporary legal separation containing fraud and misrepresentation with intention to harass, mentally torture and incite extra animosity between the parties to destroy plaintiff's liberty and character—for personal profit and financial gain of Monica Carlson and Mr. Ken Butler law firm by perpetrating a fraud upon the court.

the Clure, Eaton, Butler, Michelson, Ferguson & Person Law Firm, for alleged violations of his constitutional rights in the dissolution proceedings. The complaint constitutes an impermissible collateral attack on the March 21, 1991, Judgment and fails to state a claim for which relief may be granted.

Accordingly, the Minnesota District Court dismissed the Plaintiff's Complaint against each of the State Court Defendants with prejudice.

Thereafter, the Plaintiff challenged the District Court's ruling in an appeal to the Minnesota Court of Appeals, which affirmed the District Court in an "Order Opinion" of December 31, 1992.[2] In relevant part, the Court of Appeals reasoned as follows:

> In 1989, respondent Judge Martin issued a supervised visitation order. In 1991, respondent Judge Wilson entered a decree dissolving the marriage. Appellant [i.e., the Plaintiff here] did not appeal the judgment dissolving his marriage. Instead, he sued his former spouse, her attorneys, her brother, both judges and the state attorney general, alleging that they conspired to violate his constitutional rights.

> \* . \* \* \* \* \*

> Appellant argues that the attorneys representing his ex-wife acted under the color of state law under 42 U.S.C. § 1983. However, appellant fails to meet the two-part test for action under color of state law set forth in *Luger* [*Lugar*] *v. Edmondson Oil Co.,* 457 U.S. 922, 930, 102 S.Ct. 2744, 2750 [73 L.Ed.2d 482] (1982). Even though Minnesota licenses lawyers to practice law, lawyers do not act under color of state law for the purposes of 42 U.S.C. § 1983. See, e.g., *Polk County v. Dodson,* 454 U.S. 312, 318, 102 S.Ct. 445, 450 [70 L.Ed.2d 509] (1981); *Henderson v. Fisher,* 621 [631] F.2d 1115, 1119 (3rd Cir.1980).

> \* \* \* \* \* \*

Appellant did not appeal the final judgment through a motion or petition. *Stumer v. Hibbing Gen. Hosp.,* 242 Minn. 371, 375, 65 N.W.2d 609, 612 (1954). Therefore, appellant's complaint constitutes an impermissible attack on the March 21, 1991 final judgment.

Subsequently, the Plaintiff's petition for discretionary review before the Minnesota Supreme Court and, thereafter, by the Supreme Court of the United States, were denied, thereby rendering the Minnesota Court of Appeals' decision a final adjudication on the merits of the Plaintiff's State Court, civil rights claim.

In now contesting the Defendants' resort to res judicata, the Plaintiff maintains that his State Court action "[was] not a rehashing of a divorce case or a repetition of a previous law suit." According to the Plaintiff, " 'Res judicata' extends only to facts and conditions as they were at time judgment was rendered and to legal rights and relations of parties as fixed by facts so determined, and when new facts or conditions intervene before second action establishing new basis for claims and defenses of parties, issues are no longer the same and former judgment therefore cannot be pleaded as a bar in subsequent action." In his view, the distinguishing "new" facts which, assertedly, have not been previously litigated in the State Court proceedings are: 1) He has now not seen his son for "over five years," and has been "estranged" from him; and 2) The Defendants have never designated an "intermediary" or a "go-between" to facilitate his visitations with his son. Therefore, in the Plaintiff's estimation, "[t]ime, new facts and conditions have intervened so as to provide a distinct basis supporting Plaintiff's present claim that is sufficient to preclude application of 'Res judicata' in the instant case." In contrast, the Defendants argue that the issues before this Court are essentially identical to those that had been fully and fairly litigated before the Minnesota State Courts, and that, therefore, they are entitled to an award of Summary Judgment.[3]

---

**2.** Citing Rule 136.01, Subdivision 1(b), Minnesota Rules of Civil Appellate Procedure, the Court of Appeals noted that its Order Opinion would not be published, and should not "be cited as precedent." Of course, Rule 136.01, Subdivision

1(b), goes on to expressly allow the citation of a decision as precedent for res judicata and collateral estoppel purposes—as is the case here.

**3.** Seeking to take advantage of the last sentence of Rule 12(b), Federal Rules of Civil Procedure,

### III. *Discussion*

The Defendants' Motion for Summary Judgment is solely premised upon the doctrine of res judicata[4] and, as to that issue, we find that there are no genuine issues of material fact which would preclude the entry of a Summary Judgment. Accordingly, our the parties have submitted materials outside of the pleadings for our consideration. We have considered those materials, insofar as they impact upon the pending dispositive Motion and, accordingly, our standard of review is supplied by Rule 56, Federal Rules of Civil Procedure.

According to that standard, Summary Judgment is neither an acceptable means of resolving triable issues, nor is it a disfavored procedural shortcut when there are no issues which require the unique proficiencies of a Jury to weigh the evidence and to render credibility determinations. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S.Ct. 2548, 2554–55, 91 L.Ed.2d 265 (1986). A Summary Judgment is warranted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Rule 56, Federal Rules of Civil Procedure*. For these purposes, a disputed fact is "material" if it must inevitably be resolved and the resolution will determine the outcome of the case, while a dispute is "genuine" if the evidence is such that a reasonable Jury could return a verdict for the non-moving party. See, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986) ("An issue of material fact is genuine if it has a real basis in the record.").

As Rule 56(e) makes clear, once the moving party presents a properly supported Motion, the burden shifts to the non-moving party to demonstrate the existence of a genuine dispute. While the Court views the evidence in favor of the non-moving party and gives that party the benefit of every justifiable inference that may be drawn from that evidence, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but * * * must set forth *specific facts* showing that there is a genuine issue for trial." *Rule 56(e), Federal Rules of Civil Procedure*, [emphasis supplied]; *Weber v. American Express Co.*, 994 F.2d 513, 515 (8th Cir. 1993); *Honeywell, Inc. v. United States*, 973 F.2d 638, 641 (8th Cir.1992), citing *Ivan Spencer v. Kroger Company*, 941 F.2d 699 (8th Cir.1991); *Lomar Wholesale Grocery, Inc. v. Dieter's Gourmet Foods, Inc.*, 824 F.2d 582, 585 (8th Cir. 1987), cert. denied, 484 U.S. 1010, 108 S.Ct. 707, 98 L.Ed.2d 658 (1988); *Johnson v. Robbinsdale Independent School Dist. No. 281*, 827 F.Supp. 1439, 1441 (D.Minn.1993). Nor may the non-

analysis turns to the principles of res judicata.

■ A. *Standard of Review.* In *Allen v. McCurry*, 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980), the Supreme Court held that the application of a State's doctrine of res judicata could bar the commencement of a Section 1983 claim in a Federal Court moving party simply argue that operative facts will be subsequently developed which will support its claim. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, supra at 586, 106 S.Ct. at 1356 ("[O]pponent must do more than simply show there is some metaphysical doubt as to the material facts."); see, generally, S. Childress, *A New Era for Summary Judgments: Recent Shifts at the Supreme Court*, 116 F.R.D. 183, 188 (1987). However, the mere existence of some alleged factual dispute is insufficient to deny Summary Judgment; "the dispute must be outcome determinative under prevailing law." *Get Away Club, Inc. v. Coleman*, 969 F.2d 664, 666 (8th Cir.1992), quoting *Holloway v. Pigman*, 884 F.2d 365, 366 (8th Cir.1989).

Moreover, a party is entitled to Summary Judgment when its opponent has failed "to establish the existence of an element essential to [its] case, and on which [it] will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, supra at 322, 106 S.Ct. at 2552; *Krenik v. County of Le Sueur*, 47 F.3d 953, 957–59 (8th Cir.1995). In such a case, no genuine issue of material fact will be found to exist because "a complete failure of proof concerning an essential element of [that party's] case necessarily renders all other facts immaterial." *Id.* at 323, 106 S.Ct. at 2552. "In determining whether a material factual dispute exists, the court views the evidence through the prism of the controlling legal standard." *Nebraska v. Wyoming*, 507 U.S. 584, 590, 113 S.Ct. 1689, 1694, 123 L.Ed.2d 317 (1993). If reasonable minds could differ as to the import of the evidence, however, Summary Judgment should not be granted and, in exercising its function, the Court is not to weigh the evidence. *Anderson v. Liberty Lobby, Inc.*, supra at 250–51, 106 S.Ct. at 2511–12; *AgriStor Leasing v. Farrow*, 826 F.2d 732, 734 (8th Cir.1987).

4. Under Federal and Minnesota law, the principles of res judicata have varying applications, either to effectuate a claim preclusion (i.e., merger or bar), or an issue preclusion (i.e., collateral estoppel). See, *Migra v. Warren City School Dist. Bd. of Ed.*, 465 U.S. 75, 77 n. 1, 104 S.Ct. 892, 894, n. 1, 79 L.Ed.2d 56 (1984); *Hauser v. Mealey*, 263 N.W.2d 803, 806 (Minn.1978). Here, in order to avoid confusion, we limit our use of "res judicata" to refer to the preclusive effect of a Judgment in foreclosing the litigation of matters which were raised, or which could have been raised, in an earlier law suit. *Id.*

which had already been pressed in a State Court proceeding. The Court's holding rested upon the Full Faith and Credit Statute, Title 28 U.S.C. § 1738,[5] and upon the Court's conclusion that Section 1983 did not impliedly repeal that Statute. As a consequence of the holding in *Allen*, the impact of a prior State Court Judgment, upon a subsequent Federal Court proceeding which involved the same issue, would depend upon the issue preclusion effect that the Judgment would exert in the Courts of that State.

▋ Subsequently, in *Migra v. Warren School Dist. Bd. of Ed.*, 465 U.S. 75, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984), the holding in *Allen* was extended to encompass the doctrine of claim preclusion. As a consequence, the prosecution of a Section 1983 claim, that could have been—but was not—presented in a previous State Court action, can be precluded in the Federal Court action in accordance with the State's claim preclusion doctrine. Accordingly, our analysis turns to the doctrine of res judicata, as it has evolved in this Circuit, as well as in its development in the State of Minnesota.

▋ Within this Circuit, a four-part test is used to determine when res judicata bars the relitigation of a claim: "(1) the first suit must result in a final judgment on the merits; (2) the first suit must be based on proper jurisdiction; (3) both suits must involve the same nucleus of operative fact; and (4) both suits must involve the same parties or their privies." *Kolb v. Scherer Bros. Financial Services Co.*, 6 F.3d 542, 544 (8th Cir.1993), citing *United States EPA v. Green Forest*, 921 F.2d 1394, 1403 (8th Cir.1990); see also, *Austin v. Super Valu Stores*, 31 F.3d 615, 618 n. 5 (8th Cir.1994). In determining the scope of preclusion, that a prior Judgment of a Minnesota Court will exact, we must look to the governing law of that State. *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 375, 105 S.Ct. 1327, 1329, 84 L.Ed.2d 274 (1985) (a Federal Court must first consider the law of the State in which a

Judgment was rendered when determining the preclusive effect to be accorded such a Judgment), reh'g denied, 471 U.S. 1062, 105 S.Ct. 2127, 85 L.Ed.2d 491 (1985).

▋ Under Minnesota law, "[a] judgment on the merits constitutes an absolute bar to a second suit for the same cause of action, and is conclusive between parties and privies, not only as to every other matter which was actually litigated, but also as to every matter which might have been litigated therein." *Dorso Trailer v. American Body & Trailer*, 482 N.W.2d 771, 774 (Minn.1992), quoting *Mattsen v. Packman*, 358 N.W.2d 48, 49 (Minn.1984); see also, *Sondel v. Northwest Airlines, Inc.*, 56 F.3d 934, 938 (8th Cir.1995). In effect, res judicata "is essentially a finality doctrine which dictates that there be an end to litigation." *Dorso Trailer v. American Body & Trailer*, supra at 773–74, citing *Federated Mutual Ins. Co. v. Litchfield Prec. Comp., Inc.*, 456 N.W.2d 434, 438 (Minn.1990). Accordingly, it is "well established in Minnesota that a party 'should not be twice vexed for the same cause, and that it is for the public good that there be an end to litigation.'" *Hauser v. Mealey*, supra at 807, quoting *Shimp v. Sederstrom*, 305 Minn. 267, 233 N.W.2d 292, 294 (1975).

▋ **B.** *Legal Analysis.* Our discussion of the issues before us need not be extended. Without question, the Plaintiff here was the claimant in the State Court civil rights action, and the Defendants either were parties to that action or were privies to parties. Under Minnesota law, "privity involves a person so identified in interest with another that he represents the same legal right," and "expresses the idea that as to certain matters and in certain circumstances persons who are not parties to an action but who are connected with it in their interests are affected by the judgment with reference to interests involved in the action, as if they were parties." *Sondel v. Northwest Airlines, Inc.*, supra at 938, quoting *McMenomy v. Ryden*, 276 Minn. 55, 148 N.W.2d 804, 807 (1967), and *Margo–Kraft Distrib., Inc. v. Minneapolis Gas Co.*, 294 Minn. 274, 200 N.W.2d

---

5. Section 1738 provides, in relevant part, as follows:

 [The] Acts, records and judicial proceedings [of any Court of any State, Territory, or Possession] * * * shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken.

45, 47 (1972). Since, in the State Court action, the Defendant law firm was sued for the alleged wrongs of the two lawyers who are named as Defendants in this case, privity extends to them and, even though they were "nonparties" to the State Court proceeding, their "interests were represented by a party to the original action," and they are bound by that prior adjudication. *Sondel v. Northwest Airlines, Inc.*, supra at 938, citing *Margo-Kraft Distrib., Inc. v. Minneapolis Gas Co.*, supra at 48.

In addition, both lawsuits involved the same nucleus of operative facts and a final judgment was rendered, by a Court of competent jurisdiction, upon the merits of the Plaintiff's claim. We understand the Plaintiff to urge that the Minnesota Courts employ a "palpable working bias against males" but, apart from this accusation, the Plaintiff has presented us with no evidence that his State Court claims, as subsequently considered by three appellate Courts—including the United States Supreme Court—did not receive a full and fair Hearing.[6] Nor are we persuaded that the Plaintiff's current claims are different, in any substantive way, from those that he advanced, or that he could have advanced, in the Minnesota State Courts.[7] As we have noted, "[u]nder Minnesota law, res judicata is considered 'a finality doctrine which dictates that there be an end to litigation.'" *Id.* at 937, quoting *Dorso Trailer v. American Body & Trailer*, supra at 773–74. While we can accept, that time has passed since the State Court adjudicated the Plaintiff's constitutional claims, the Plaintiff has not identified any issue before us that was not either litigated, or fully capable of being litigated, before the State Court in his earlier proceeding.

 Therefore, finding that the Plaintiff's current claims are precluded, by the doctrine of res judicata, and finding no basis to believe that the application of that doctrine would work any injustice, we recommend that the Defendants' Motion for Summary Judgment be granted.[8]

 Lastly, we consider the Defendants request for an award of attorneys' fees and

---

6. Since the Plaintiff elected to pursue his initial civil rights action in the Courts of Minnesota, prior to his attempt to relitigate the same claims before this Court, we find his assertion that the Minnesota Courts are biased against him—as a male—to be wholly unconvincing.

7. During the Hearing in this matter, we questioned the Plaintiff concerning any attempt on his part to approach the Minnesota District Court with a request that an "intermediary" be designated, or that a mechanism be devised by which he could visit his son. Apparently, neither of these concerns was sufficiently important to the Plaintiff as to prompt him to obtain the guidance of the Court which issued the operative Order. We conclude, as did the State Court before us, that the Plaintiff has "stubbornly refused to visit with [his son]," for reasons that are, at best, enigmatic. If, as the Plaintiff has alleged, he has not visited with his son for more than half a decade, then we are forced to conclude, on the Record before us, that any injury, that he has incurred, has been self-inflicted.

8. Although we seriously doubt that we have license to reject the application of res judicata where is properly lies, see *Sondel v. Northwest Airlines, Inc.*, 56 F.3d 934, 941 (8th Cir.1995), we find no injustice in its invocation here. As the Minnesota Courts before us, we find the Plaintiff's claim to be meritless.

In order to successfully assert a Section 1983 claim, the Plaintiff must prove that the claimed deprivation of Federal rights was committed by one or more persons who were acting under "color of State law." This "color of law" requirement means no more than that the actor's conduct amounts to "State action", under well-settled concepts of Fourteenth Amendment constitutional law. See, *Rendell–Baker v. Kohn*, 457 U.S. 830, 838, 102 S.Ct. 2764, 2769–70, 73 L.Ed.2d 418 (1982), quoting *United States v. Price*, 383 U.S. 787, 794 n. 7, 86 S.Ct. 1152, 1156–57 n. 7, 16 L.Ed.2d 267 (1966). Although State action is ordinarily committed by the officers and employees of one State governmental agency or another, the Courts have, nonetheless, found that private parties can commit "State action," for Section 1983 purposes. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982).

The test employed in determining whether a private citizen's conduct constitutes "State action," is one of ascertaining whether the private citizen's conduct can be "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, supra at 937, 102 S.Ct. at 2753; *Comiskey v. JFTJ Corp.*, 989 F.2d 1007 (8th Cir.1993). In turn, the "fair attribution" standard has two elements: "first, the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible." *Lugar v. Edmondson Oil Co.*, supra at 937, 102 S.Ct. at 2753; *Bahr v. County of Martin*, 771 F.Supp. 970, 977 (D.Minn.1991).

**1260**

for injunctive relief. Unfortunately, the Defendants have not submitted any information to support an award of fees, and we decline to invite further submissions. Even if we were to conclude that fees were warranted under Rule 11, Federal Rules of Civil Procedure, under Title 42 U.S.C. § 1988, or under Minnesota Statutes Section 549.21, we are satisfied that, as a frivolous claim, the reasonable fees and expenses in defeating the Plaintiff's Complaint, through the initial filing of a Motion to Dismiss, would have been negligible. We are aware, however, that an award of fees can be a persuasive deterrent to the commencement of vexatious claims, and we do not overlook the proper purpose to be served by reimbursing litigants for expenses incurred in responding to meritless causes of action. We think, however, that the most effective way of ensuring that the Plaintiff does not, again, cause these Defendants to relitigate their previously adjudicated interests, is the granting of the injunctive relief that they have requested. Accordingly, we recommend that the Defendants' Motion for attorneys' fees be denied, but that the Court issue its Order prohibiting the Plaintiff from commencing an action against these Defendants on the same claims that they have defended both here and in the State Court litigation.

WHEREFORE, It is—

RECOMMENDED:

1. That the Defendants' Motion for Summary Judgment [Docket No. 14] be granted.

2. That the Defendants' Motion for an award of attorneys' fees [Docket No. 14] be denied.

3. That the Defendants' Motion for an Order permanently enjoining the Plaintiff, from commencing an action against them on the same claims as were litigated here, be granted.

"Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.,* supra at 937, 102 S.Ct. at 2754. This relationship may be established by evidence that shows that a Defendant was a "willful participant in joint activity with the State or its agents." *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 150, 90 S.Ct. 1598, 1606, 26 L.Ed.2d 142 (1970); *Murray v. Wal–Mart, Inc.,* 874 F.2d 555, 558–59 (8th Cir.

**NOTICE**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D.Minn. LR1.1(f), and D.Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than February 22, 1996,** a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than February 22, 1996,** unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. § 636 to review the transcript in order to resolve all of the objections made.

1989); *Myers v. Morris,* 810 F.2d 1437, 1454 (8th Cir.1987), cert. denied, 484 U.S. 828, 108 S.Ct. 97, 98 L.Ed.2d 58 (1987).

Here, the Plaintiff has failed to satisfy either prong of the *Lugar* test, and he provides no cogent basis to support his implicit contention that the Defendants were "State actors." Finding no factual or legal support for that contention, the application of the res judicata doctrine can exact no conceivable injustice.